1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                                DISTRICT OF NEVADA

8                                         * * *
RESORT PROPERTIES OF AMERICA, a       )
9   Nevada sole proprietorship,            )
                                           )
10                Plaintiff,                )          02:07-CV-00964-LRH-RJJ
                                           )
11   v.                                     )
                                           )          ORDER
12   EL-AD PROPERTIES NY LLC, a New York )
     limited liability company; FIDELITY    )
13   NATIONAL TITLE AGENCY OF NEVADA; )
     and DOES I through X, inclusive,       )
14                                          )
                  Defendants.               )
15   _____)

16          Before the court is Defendant El-Ad Properties NY LLC's ("El-Ad") motion for summary

17   judgment (#18[1]).  Plaintiff Resort Properties of America ("Resort Properties") has responded (#21),

18   and El-Ad has replied (#22).

19          Also before the court is El-Ad's objection to the Magistrate Judge's order granting Resort

20   Properties's motion to compel Mr. Yitzhak Tshuva's ("Tshuva") deposition (#29).  Resort

21   Properties has responded (#30).

22   **I.     Factual and Procedural History**

23          Prior to the filing of the motion for summary judgment, the parties agreed to a scheduling

24   order setting the final day of discovery on April 1, 2008 (Nov. 29, 2007, Order (#17).)  El-Ad filed

25   _____

26          [1]Refers to court's docket number.

1   its motion for summary judgment on January 16, 2008.  At that time, Resort Properties had not

2   been able to depose witnesses Miki Naftali, Phillip Ruffin, or Yitzhak Tshuva despite requests to

3   schedule the depositions.  (Kemp Dep. (#21), Ex. 6 at ¶ 5.)  Following the motion for summary

4   judgment, Resort Properties noticed Tshuva's deposition.  (Notice (#30), Ex. 1.)  Tshuva, an Israeli

5   citizen and resident, is the primary principal of El-Ad and its majority shareholder.  (Sigoura Dep.

6   (#30), Ex. 6 at 10:24.)  El-Ad responded that it would not voluntarily produce Tshuva for a

7   deposition.  (Carley Letter (#30), Ex. 5.)  Accordingly, Resort Properties filed a motion to compel

8   Tshuva's testimony and to extend discovery.  (#23.)  Magistrate Judge Johnson granted both

9   motions (April 28, 2008, Minutes of Proceedings (#28)) and extended discovery until July 3, 2008.

10   El-Ad has objected to Judge Johnson's order.  (Objection (#29).)  It appears that Resort Properties

11   has still not taken Tshuva's deposition.

12          In opposition to El-Ad's motion for summary judgment, Resort Properties contends that

13   Fed. R. Civ. P. 56(f) precludes summary judgment without the requested depositions.

14   **II.    Discussion**

15          **A.    Rule 56(f)**

16          Rule 56(f) provides the following in its entirety:

17   If a party opposing the motion shows by affidavit that, for specified reasons, it cannot
     present facts essential to justify its opposition, the court may:
18       (1) deny the motion;
         (2) order a continuance to enable affidavits to be obtained, depositions to be taken,
19   or other discovery to be undertaken; or
         (3) issue any other just order.

20

21   Fed. R. Civ. P 56(f).  "The purpose of subdivision (f) is to provide an additional safeguard against

22   an improvident or premature grant of summary judgment . . . ."  10B Charles Alan Wright & Arthur

23   R. Miller, *Federal Practice and Procedure* § 2470 (3d. ed. 1998).  The requesting party must show

24   (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery, (2)

25   the facts sought exist, and (3) the sought-after facts are essential to oppose summary judgment.

26                                                        2

*Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).  Summary judgment will not be delayed where the facts sought appear irrelevant or merely cumulative.  *See Vote v. United States*, 753 F. Supp. 866, 869 (D. Nev. 1990).

Resort Properties has made the showing necessary to delay a final ruling on summary judgment.  First, Resort Properties's counsel has set forth in an affidavit that the Naftali, Ruffin, and Tshuva's depositions will describe several key meetings.  (Kemp Aff. (#21), Ex. 6 at ¶ 5.)  In opposition, El-Ad contends that some participants in these meetings have already been deposed, and therefore other witnesses' testimony will "add nothing."  (Rep. (#22) at 13:18:27.)  The court disagrees.  In at least one meeting, no participant has been deposed (at least not during the time the motion for summary judgment, the response, and the reply were filed).  (Opp'n (#21) at 13.)  Furthermore, it is not El-Ad's province to decide which witnesses Resort Properties may depose.

Second, the sought-after facts are relevant to opposing El-Ad's motion for summary judgment.  The present case concerns in part whether Resort Properties was the procuring cause for an El-Ad real estate purchase.  One factor relevant to this inquiry, as El-Ad emphatically notes in its reply (# 22 at 10-11), is whether the purchase constitutes a continuation of an earlier transaction or an entirely different transaction.  The testimony of the sought-after witnesses is relevant to establishing what type of transaction was discussed in these meetings.

Third, following Judge Johnson's extension of discovery, a grant of summary judgment based on the current filings would be premature.  Indeed, the granting of summary judgment may be error when discovery is not yet completed.  *Garrett v. City & County of San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987).  Since the present motion for summary judgment was filed before the completion of discovery (and *a fortiori* before the completion of discovery relative to the new deadline), a grant of summary judgment would be premature.

**B.  Motion to Compel**

The Magistrate Judge granted Resort Properties's motion to compel the deposition of

1  Tshuva, El-Ad's Israeli owner.  El-Ad argues Resort Properties does not have the power to compel

2  an alien nonparty to attend a deposition and, alternatively, Resort Properties is not entitled to

3  depose El-Ad's "apex" official.  These objections should be sustained only if the Magistrate Judge's

4  rulings were clearly erroneous or contrary to law.  *See* 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P.

5  72(a).

6        If a corporation is a party to an action, a notice of deposition may designate an officer,

7  director, or managing agent who speaks for the corporation.  *See* Fed. R. Civ. P. 30(b)(6) advisory

8  committee's note ("This procedure supplements the existing practice whereby the examining party

9  designates the corporate official to be deposed.").  Notice alone is enough to compel the managing

10 agent to attend the deposition.  *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade*

11 *Servs., Inc.*, 220 F.R.D. 235, 237 (S.D.N.Y. 2004).  For the purposes of compelling a corporate

12 officer's deposition, courts do not recognize a distinction between an "apex" official or director and

13 other high corporate officials.  *See* Fed. R. Civ. P. 37(d) advisory committee's notes ("There is

14 slight warrant for the present distinction between officers and managing agents on the one hand and

15 directors on the other.").

16       Here, El-Ad's objections are not well-taken.  As the owner and majority shareholder of El-

17 Ad, and as the individual responsible for initiating El-Ad's disputed purchase, Tshuva is clearly a

18 managing agent of El-Ad.  (Naftali Dep. (#30), Ex. 6 at 1; Ruffin Dep. (#30), Ex. 8 at 37.)

19 Therefore, Tshuva is a party for the purposes of taking his deposition, and Resort Properties may

20 designate him to speak for El-Ad.  Fed. R. Civ. P. 30(b)(6) advisory committee's notes.  Notice of

21 the deposition is enough to compel Tshuva to testify; a subpoena is unnecessary.  *JSC*, 220 F.R.D.

22 at 237; *see also* 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §

23 2107 (3d. ed. 1994).

24       Furthermore, after dismissing Resort Properties's arguments because none of Resort

25 Properties's cited cases are "binding authority in this jurisdiction," El-Ad cites the nonbinding

26

                                         4

1  *Celerity, Inc. v. Ultra Clean Holding, Inc.,* U.S. Dist. LEXIS 8295 (N.D. Cal. 2007) for the

2  proposition that Resort Properties cannot depose El-Ad's "apex" official.  (Objection (#29) at 6-7.)

3  *Celerity* is clearly distinguishable from the present case.  The high corporate officials sought in

4  *Celerity* had no first-hand knowledge of the facts, and their testimony, as necessarily second-hand,

5  would be repetitive.  *Celerity*, 2007 U.S. Dist LEXIS at 2-3.  Here, however, an apex official,

6  Tshuva, was personally responsible for initiating El-Ad's disputed purchase.  (Sigoura Dep. (#30),

7  Ex. 7 86:18-19.)  Tshuva also attended meetings relevant to establishing whether the disputed

8  purchase continued an earlier transaction (Naftali Dep. (#29), Ex. 6 62:10-15), and other deponents

9  have been unable to recall the details of these meetings (*id*.).  Therefore, Tshuva's status as an apex

10  official does not preclude his deposition.

11      In the event Tshuva must attend his deposition, El-Ad asks this court to modify the

12  Magistrate Judge's order such that Tshuva need answer only written interrogatories.  There has

13  been no showing that oral deposition would unduly burden Tshuva, especially in light of Resort

14  Properties's offer to conduct the deposition via video conference.  (Schnitzer Letter (#30), Ex. 4.)

15  Therefore, the court declines El-Ad's request.

16  **III.    Conclusion**

17      For the foregoing reasons, El-Ad's motion for summary judgment (#18) is denied without

18  prejudice.  In addition, El-Ad's objection to the Magistrate Judge's order to compel Tshuva's

19  deposition (#29) is overruled.  The court refers this case back to the Magistrate Judge for an

20  additional scheduling conference to establish deadlines for discovery and the filing of future

21  motions for summary judgment.

22  ///

23  ///

24  ///

25

26                                          5

IT IS THEREFORE ORDERED that El-Ad's motion for summary judgment (#18) is hereby DENIED without prejudice.

IT IS FURTHER ORDERED that El-Ad's objection to the Magistrate Judge's order to compel the deposition of Yitzhak Tshuva (#29) is OVERRULED.

IT IS SO ORDERED.

DATED this 10th day of July 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE